IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lawrence Terry,<br><br>    Plaintiff,<br><br>v.<br><br>ADUSA Distribution & ADUSA Transportation,<br><br>    Defendant. | C/A No. 5:25-cv-1595-JFA-PJG<br><br>**ORDER** |

Lawrence Terry ("Plaintiff"), proceeding pro se, filed this civil action against his former employer asserting violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq.; the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*.; and various state laws.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

Specifically, the Magistrate Judge undertook an initial review of the Defendant's motion to dismiss (ECF No. 26) and Plaintiff's subsequent motion to amend. (ECF No. 42). After reviewing the motions and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation[1] ("Report"). (ECF No. 56). Within the Report, the Magistrate Judge opines that the defendant's motion to dismiss should be granted. Moreover, the Magistrate Judge granted Plaintiff's motion to amend in

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).  The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

1

part and denied in part as futile. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

All parties were advised of their right to object to the Report, which was entered on the docket on October 16, 2025. *Id.* The Magistrate Judge required objections to be filed by October 30, 2025. *Id.* Neither party filed objections and the time for doing so has elapsed. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, neither party raised any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report indicates that the Magistrate Judge correctly concluded that Defendant's motion to dismiss should be granted.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 56). Thus, Defendant's motion to dismiss (ECF No. 26) is granted.

Consequently, Plaintiff's motion for partial summary judgment as to his claims for ADA failure to accommodate and Breach of Contract (ECF No. 43) is terminated as moot. Given the Magistrate Judge's grant of the motion to amend as to Plaintiff's ADA retaliation claim, this matter is recommitted back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

December 1, 2025
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge